Hill Wallack LLP
Attorneys at Law
CN 5226
202 Carnegie Center
Princeton, NJ 08543-5226
(609) 924-0808
Attorneys for Defendant
Menu Foods, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINA JOHNSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MENU FOODS INC., and DOES 1 through 99,<br><br>Defendants | Civil Action No.: 07-cv-1610 (NLH)<br><br>CERTIFICATION OF COUNSEL |

   Gerard H. Hanson, of full age, hereby certifies:

   1.  I am an attorney at law of the State of New Jersey, a partner with the New Jersey law firm of Hill Wallack LLP, and have been retained as Local New Jersey Counsel to represent the interests of the moving party defendants.

   2.  Edward Ruff, Esquire and Michael Turiello, Esquire of the Chicago, Illinois firm of Pretzel & Stouffer, which is serving as National Counsel for the moving party defendant with respect to the "In re Pet Food Product Liability Litigation" pending before the Judicial Panel on Multidistrict Litigation (MDL).

3. This Certification is submitted in support of the Motion to Stay this lawsuit pending the ruling by the Judicial Panel on Multidistrict Litigation with respect to four (4) pending Motions to Transfer and Consolidate numerous Class Action Complaints, which applications are presently scheduled for Hearing before the MDL Panel on May 31, 2007 at the Federal Courthouse in Las Vegas, Nevada. In the alternative, the moving party seeks an extension of time to file a responsive pleading to the plaintiff's Complaint until 30 days after the decision by the MDL Panel with respect to the pending Motions to Transfer and Consolidate.

### The Plaintiff's Complaint

4. The Plaintiff's Complaint seeks Judgment certifying this lawsuit as a Class Action pursuant to FRCP 23. The Complaint further seeks damages based upon plaintiff's allegation that her pet became ill and was euthanized as a result of consumption of pet food manufactured by the moving party defendant. The plaintiff is a resident of Tampa, Florida. The Complaint further identifies three (3) law firms representing the plaintiff.

### The Multidistrict Litigation Process

5. The plaintiff's Complaint is one of at least 57 putative class action lawsuits filed in New Jersey, and other jurisdictions, naming the moving parties (and others) as defendants based upon allegations that defective pet food manufactured by the defendants caused illness and/or death to the various plaintiff's pets. As a result of the multiplicity of these Complaints, four (4) Motions have been filed with the Judicial Panel on Multidistrict Litigation by different plaintiff's attorneys seeking to transfer and consolidate all pending "Pet Food Product Liability" actions pursuant to 28 U.S.C. § 1407.

6. One of the Motions filed with the Judicial Panel on Multidistrict Litigation was on behalf of three (3) plaintiffs in New Jersey. See Exhibit A, which is a copy of "Plaintiff's Jayme Pittsonberger, David Carter and Jim Bullock's Motion for Transfer and Coordination pursuant to 28 U.S.C. § 1407". These New Jersey plaintiffs have also filed a Joint Memorandum of Law in support of this application, which was electronically filed as part of the docket to their lawsuits in this District. (See Exhibit A). These MDL applications seek to have all lawsuits falling under the umbrella of the "In re Pet Foods Product Liability Litigation," bearing MDL No. 1850, transferred to the District of New Jersey for coordination and case management. It is the undersigned attorney's understanding that this Motion to Transfer is presently pending hearing before the MDL Judicial Panel on May 31, 2007 at the United States Courthouse in Las Vegas, Nevada.

7. The attorneys representing the plaintiff in this action are not representing any other plaintiffs who have filed Class Action Complaints in this District.

8. It is the undersigned attorney's understanding that there are presently 23 separate and independent putative Class Action Complaints filed in New Jersey. It is the undersigned attorney's further understanding that all of these Complaints have been assigned to the docket of the Honorable Noel L. Hillman.

9. Attached as Exhibit B is a copy of the "Plaintiff Christina Troiano's Motion to Transfer and Coordinate or consolidate an action under 28 U.S.C. § 1407."

10. Attached as Exhibit C is "Plaintiff Shirley Sexton's Motion for Transfer and Coordination or Consolidation under 28 U.S.C. § 1407."

11. Attached as Exhibit D is "Plaintiff's Motion for Transfer and Consolidation of related actions to the Western District of Washington under 28 U.S.C. § 1407."

12. Each of the aforementioned Motions is pending Hearing before the MDL Judicial Panel which is set for May 31, 2007. (Exhibit E).

## Requested Relief

13. Based upon the well-established principles of law set forth in the attached Memorandum of Law, the moving party respectfully requests that this court stay this lawsuit pending the decision by the MDL Judicial Panel with respect to the four separate Motions seeking to Transfer and Consolidate; one of which seeks transfer to the District of New Jersey. In the alternative, the moving party seeks an extension of time to file a responsive pleading until 30 days after the decision by the MDL Panel.

I hereby certify that the foregoing facts stated by me are true. I am aware that if any of the foregoing facts stated by me are false, I am subject to punishment.

Respectfully submitted,

*Gerard H Hanson*

GERARD H. HANSON